### DAVID NEW *v.* WILLIAM PYLE *et al.*

The goods of a sub-tenant removed from the demised premises after the expiration of the term, are not liable to distress on a warrant at the suit of the landlord against the original tenant, for rent in arrears.

This was an action of replevin brought by the plaintiff David New, against William Pyle and Thomas Hawkins the defendants, and case stated. Pyle, one of the defendants in the action, let a house and premises to one Philemma Chandler from the 25th of March, 1857, to the 25th of March, 1858, at an annual rent of eighty dollars, who under-let the whole of the premises for the same term to the plaintiff and put him in possession of the property. The plaintiff paid the rent in full for the year to Chandler, of whom he rented, and at the expiration of the term left the premises, and removed his household goods and furniture from them. On the 25th of April, following, Pyle, by his bailiff Hawkins, distrained the goods and furniture, then being off the premises, for the rent due, and which Chandler had failed to pay him.

2

The distress was made by Hawkins, by virtue of a landlord's warrant, issued at the suit of Pyle, against Chandler for rent in arrear, and due from the latter to the former.

And thereupon the action was brought to replevy the goods by the plaintiff, and the question was, were the goods, under the circumstances, liable to the distress for the rent due to Pyle the landlord ?

*L. E. Wales*, for the plaintiff : The distress of the goods of an underlessee must be of goods actually on the demised premises, and whilst such underlessee is in possession. *Arch. on Landl. and Ten.* 43. *Law Libr. m. p.* 115, 134. Like the goods of a stranger, they are only liable so long as they are on the premises ; and the goods followed and distrained off the demised premises, must be the property of the tenant, and not of a stranger. *Holford v. Hatch, Doug.* 183. This he thought settled the question.

*Patterson*, for the defendant, replied that he had no argument to make, or authorities to cite upon the question ; but desired it to be settled, as some doubt had long been entertained by members of the bar in regard to it.

*Gilpin, Ch. J.* , said that he had a distinct impression that it had already been decided, several years since, and in which it was held in a case similar to this, that the goods were not subject to distress after the expiration of the term, and their removal from the demised premises. *Houston, J.*, remarked that it seemed to be controlled by the words of the statute which provides in the first place, that the distress may be made " during the demise, or afterward, while the tenant, or any person coming into possession by, or under him, shall continue to hold the demised premises;" but in the

second place, when it comes to provide for following and distraining the goods after their removal from the demised premises, either during the term or after its expiration, within forty days, it speaks only of the *tenant*, and not as before, of "any person coming into possession by, or under him." It would appear, therefore, to have been the design of the statute to render the goods of such persons liable only to distress so long as they remained on the demised premises. The Court considered that the plaintiff was entitled to recover, and gave judgment accordingly.